IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMBERLY THOMAS,

        Plaintiff,

   v.

WELLS FARGO BANK, N.A. dba AMERICA'S SERVICING CO.; FIRST FRANKLIN, a division of NATIONAL CITY BANK; NDEX WEST, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MICHAEL DRAKE HOLDINGS, INC. dba DRAKE MORTGAGE; MICHAEL D. DRAKE; and DOES 1-20 inclusive,

        Defendants.
_____/

Case No. 2:09-CV-01939-JAM-KJM

<u>ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS</u>

    This matter comes before the Court on a Motion to Dismiss by Defendants Drake Mortgage and Michael D. Drake ("Defendants"). Defendants move to dismiss Plaintiff Kimberly Thomas' ("Plaintiff's") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

1

upon which relief can be granted. Defendants also brings a Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff opposes the motions.[1]

Plaintiff's Amended Complaint brings six state law claims against Defendants, arising from a loan transaction. Defendants move to dismiss five of the claims. Plaintiff's Amended Complaint also brought two federal causes of action against other parties, for violation of the Truth in Lending Act ("TILA") 15 U.S.C. §1601 et seq., and the Real Estate Settlement and Procedures Act ("RESPA") 12 U.S.C. §2605 et seq. However, these federal causes of action were later voluntarily dismissed by Plaintiff.

Pursuant to 28 U.S.C. §1367, in any civil action in which the district court has original jurisdiction, the district court also has supplemental jurisdiction over all other claims in the action which form part of the same Article III case or controversy. Wheeler v. Payless Towing, 2010 WL 148714 at *3 (E.D. Cal. Jan. 11, 2010). However, "if the federal claims are dismissed before trial. . .  the state law claims should be dismissed as well." Id. (quoting United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, with only state law claims alleged against Defendants, and no federal claims

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

remaining in the underlying lawsuit, the Court declines to exercise supplemental jurisdiction over the six state law claims against Defendants.

### III. ORDER

For the reasons set forth above, the federal TILA and RESPA claims are dismissed with prejudice and all six state law claims brought against Defendants are dismissed, without prejudice to re-file in state court.[2]

The clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated: February 8, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court declines to take supplemental jurisdiction over all six state law claims, the Motion to Strike is moot.